AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
для the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | CR 25 0241 AMO |
| ABDULKADIR ALI, HUSSEIN ALI, OMAR ALI, AHMED ALI, MAZEN HASSAN, YUSUF ALI, ABUBAKAR ALI, and ABDIRAHMAN MAHAMED | ) ) ) ) | Case No. 2:25-mj-467 (NMK) |
| Defendant | | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* MAZEN HASSAN ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud)

Date: 08/07/2025

*Issuing officer's signature*

City and state: Oakland, Caliofrnia

Hon. Donna M. Ryu, Chief Magistrate Judge
*Printed name and title*

### Return

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: MAZEN HASSAN
Known aliases:
Last known residence:
Prior addresses to which defendant/offender may still have ties:

Last known employment:
Last known telephone numbers:
Place of birth:
Date of birth: 10/22/2000
Social Security number: 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
Height: \hspace{4cm} Weight:
Sex: \hspace{5cm} Race:
Hair: \hspace{5cm} Eyes:
Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:
Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

**FILED**

AUG 07 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SEALED BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

AMO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ABDULKADIR MOHAMED ALI, <br> AHMED MOHAMED ALI, <br> HUSSEIN MOHAMED ALI, <br> OMAR MOHAMED ALI, <br> MAZEN HASSAN MOHAMED, <br> ABDIRAHMAN ABDALLA MAHAMED, <br> ABUBAKAR MOHAMED ALI, <br> YUSUF MOHAMED ALI <br><br> Defendants. | CASE NO. **CR 25 0241** <br><br> VIOLATIONS: <br> 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; <br> 18 U.S.C. § 1343 – Wire Fraud; <br> 18 U.S.C. § 2 – Aiding and Abetting; <br> 18 U.S.C. § 981(a)(1)C) and 28 U.S.C. 2461(c); 18 U.S.C. § 982(a)(2) – Forfeiture Allegation <br><br> OAKLAND VENUE |

## INDICTMENT

The Grand Jury charges:

### Introductory Allegations

At all times relevant to this Indictment, unless otherwise specified:

1. Defendant ABDULKADIR MOHAMED ALI was a resident of the Northern District of Georgia.

2. Defendant AHMED MOHAMED ALI was a resident of the Northern District of Georgia.

INDICTMENT                                1

3. Defendant HUSSEIN MOHAMED ALI was a resident of the Northern District of Georgia

4. Defendant OMAR MOHAMED ALI was a resident of the Northern District of Georgia

5. Defendant MAZEN HASSAN MOHAMED was a resident of the Southern District of Ohio.

6. Defendant ABDIRAHMAN ABDALLA MAHAMED was a resident of the Southern District of California.

7. Defendant ABUBAKAR MOHAMED ALI was a resident of the Western District of Michigan.

8. Defendant YUSUF MOHAMED ALI was a resident of the Northern District of Georgia.

<u>Relevant Businesses and Companies</u>

9. Instacart is a U.S. based company that operates a grocery delivery and pick-up service in the United States and Canda, and is headquartered in San Francisco, California, which is in the Northern District of California. Instacart facilitates delivery from various retailers to its customers via their website or mobile application.

10. Shipt is a U.S. based delivery service owned by Target Corporation and is headquartered in Birmingham, Alabama. Shipt facilitates delivery from various retailers to its customers via their website or mobile application.

11. Target Corporation ("Target") is a U.S. based retail company that operates discount retail and hypermarket stores in the United States and is headquartered in Minneapolis, Minnesota.

12. The Kroger Company ("Kroger") is a U.S. based retail company that operates supermarkets and multi-department stores in the United States. Kroger is headquartered in Cincinnati, Ohio.

13. Stripe, Inc. is a U.S. and Irish multinational financial service and payment processing company with dual headquarters in South San Francisco, California, which is in the Northern District of California, and Dublin, Ireland. Stripe provides payment processing services for Shipt.

14. Marqeta is a U.S. based modern card issuing platform and payment processing service company that enables businesses to issue and manage payment cards, such as debit and credit cards.

INDICTMENT 2

Marqeta is headquartered in Oakland, California, which is in the Northern District of California. Marqeta provides payment processing services for Instacart.

15. Blackhawk Network Holdings is a U.S. based company that sells branded physical and digital gift cards of various global retailers and is headquartered in Pleasanton, California, which is in the Northern District of California.

### The Scheme to Defraud

16. Beginning at a date unknown, but no later than on or about November 2022 and continuing to a date unknown, but to at least on or about October 3, 2023, ABDULKADIR MOHAMED ALI, MAZEN HASSAN MOHAMED, AHMED MOHAMED ALI, ABDIRAHMAN ABDALLA MAHAMED, HUSSEIN MOHAMED ALI, ABUBAKAR MOHAMED ALI, OMAR MOHAMED ALI, YUSUF MOHAMED ALI (collectively "Defendants"), knowingly conspired, devised, intended to devise, and executed a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent representations by which they caused at least two mobile shopping service companies, Instacart and Shipt, to lose no less than $1,097,513.30, combined.

### Manner and Means of the Scheme to Defraud

17. As part of the scheme to defraud, Defendants obtained a list of active and inactive "shopper" accounts, individuals who utilized either the Instacart or Shipt online shopping platform to fulfill customer's online shopping orders. Shoppers are individuals who, through orders on Instacart or Shipt, buy groceries and other various merchandise. As part of the scheme, Defendants acquired shopper account information from individuals who had stolen the account information. The account information Defendants obtained included contact information of the shopper.

18. Once Defendants obtained the account and contact information of a shopper, Defendants would then contact these inactive and active shoppers via text message or phone call, purporting to be representatives from Instacart and Shipt, asking them if they would like to remain shoppers or if they would like to deactivate their accounts.

19. If the shopper wanted to no longer be an active shopper on Instacart or Shipt, Defendants sent a message to the real shopper requesting them to send a one-time code that was sent to the real shopper's phone to discontinue their accounts. Simultaneously, one of the Defendants requested a

INDICTMENT 3

reactivation of the shopper's account using the real shopper's contact information. This reactivation requested a one-time, six-digit code that was sent to the real shopper's phone number. If the shopper provided one of the Defendants the six-digit code that Instacart or Shipt sent them, Defendants then entered this code into their device and obtained end to end access of the shopper's account.

20. If the shopper wanted to continue as a shopper with Instacart or Shipt, Defendants would request the one-time code to reactivate those shopper's accounts. When the shopper provided the code that Instacart or Shipt sent them, Defendants then entered this code into their devices and thus had end to end access of the shopper's account.

21. After Defendants had obtained access to the shopper accounts, they then placed fictitious customer grocery orders using the Instacart and Shipt applications. Other the Defendants, impersonating the shopper on the App or online, accepted these fictious customer orders. Once the order was accepted, and Instacart and Shipt verified funds were in the customer's account, Instacart, using its payment processing company Marqeta, and Shipt, using its payment processing company Stripe, would load funds to the shopper's digital debit card, which Defendants had access and control of, to fulfill the orders. Once the funds were issued on the digital debit cards, Defendants then added items to the order to increase the value of the order. A secondary check of customer funds was never conducted when the new items were added. As the order size increased, Instacart and Shipt would increase the amount funds on the shopper's digital debit card.

22. Defendants, acting as the shopper, would then go to Kroger or Target to purchase gift cards, rather than the items that had been ordered. Both Shipt and Instacart's terms of use prohibited using the application to purchase gift cards. Simultaneously, Defendants would contact Instacart or Shipt and cancel the customer order. Instacart or Shipt would then issue a refund for their customer order.

23. After obtaining gift cards from the stores, Defendants then either purchased cryptocurrency and converted the cryptocurrency to U.S. dollars through cryptocurrency exchanges, or used other means to convert the cryptocurrency into U.S. currency, such as selling it for cash through the U.S. Postal Service. Alternatively, Defendants sometimes used the gift cards to complete online orders for their own benefit.

INDICTMENT 4

24. As part of the conspiracy, from April 15, 2023 through May 1, 2023, ABDULKADIR MOHAMED ALI, MAZEN HASSAN MOHAMED, AHMED MOHAMED ALI, HUSSEIN MOHAMED ALI, ABUBAKAR MOHAMED ALI, OMAR MOHAMED ALI, YUSUF MOHAMED ALI, communicated on WhatsApp, a mobile messaging platform, discussing the scheme. They also used the WhatApp group to coordinate their fraudulent transactions, sharing shopper names and contact information, assigning responsibility for contacting the shoppers, reporting on their progress, and sharing the fraudulent proceeds they obtained. The WhatsApp group terminated on May 1, 2023, when the conspirators agreed to move their conversation to Signal, another mobile messaging platform, because of its higher level of encryption.

### Execution of the Scheme to Defraud

25. On or about September 27, 2023, defendants ABDIRAHMAN ABDALLA MAHAMED and OMAR MOHAMED ALI, were observed, via video surveillance, entering four separate Target stores in Johns Creek, Marietta, Roswell, and Alpharetta, Georgia. At each of these stores, defendants ABDIRAHMAN ABDALLA MAHAMED and OMAR MOHAMED ALI, posing as shoppers, purchased approximately twenty-seven Target gift cards totaling approximately $10,954.40 utilizing the Instacart or Shipt digital debit cards.

26. On or about September 28, 2023, defendants ABDULKADIR MOHAMED ALI, MAZEN HASSAN MOHAMED and AHMED MOHAMED ALI, were observed, via video surveillance, entering and exiting a Target store in Suwanee Peachtree, Georgia, and a Target store in Buford, Georgia. At each store, defendants, ABDULKADIR MOHAMED ALI, MAZEN HASSAN MOHAMED and AHMED MOHAMED ALI, posing as shoppers, purchased, retail gift cards totaling approximately $,3680.00 utilizing the Instacart of Shipt digital debit cards.

27. On or about September 29, 2023, defendant HUSSEIN MOHAMED ALI, was observed, via video surveillance, entering a Target store in Lawrenceville, Georgia. At the store, defendant, HUSSEIN MOHAMED ALI, posing as a shopper, purchased approximately two gift retail cards totaling $600 utilizing the Instacart of Shipt digital debit cards.

28. On or about September 30, 2023, defendant YUSUF MOHAMED ALI, was observed, via video surveillance, entering and exiting a Target store in Peachtree, Georgia. At the store, defendant,

INDICTMENT 5

YUSUF MOHAMED ALI, posing as a shopper, purchased approximately three gift retail cards totaling $1,320 utilizing the Instacart of Shipt digital debit cards.

29. On or about October 1, 2023, defendants AHMED MOHAMED ALI and MAZEN HASSAN MOHAMED, were observed via video surveillance, entering and exiting a Target store in Marietta, Georgia and a Target store in Roswell, Georgia. At each store, defendants, AHMED MOHAMED ALI and MAZEN HASSAN MOHAMED, posing as shoppers, purchased approximately twenty-six retail gift cards totaling approximately $6,090.00 utilizing the Instacart of Shipt digital debit cards.

30. On or about October 31, 2023, defendant ABUBAKAR MOHAMED ALI, was observed, exiting a Target store in Buford, Georgia. At the store, defendant ABUBAKAR MOHAMED ALI, posing as a shopper, purchased approximately two gift cards, totaling approximately $300 utilizing the Instacart of Shipt digital debit cards.

### Gift Card Purchases at Kroger

31. On or about October 3, 2023, defendants AHMED MOHAMED ALI and MAZEN HASSAN MOHAMED were observed inside of a Kroger store in Sugar Hill, Georgia. At the store, defendants AHMED MOHAMED ALI and MAZEN HASSAN MOHAMED, posing as Shipt shoppers, purchased approximately fifteen retail gift cards totaling approximately $7,200 utilizing Shipt digital debit cards. Eight of the fifteen gift cards were activated by Blackhawk Network servers. Blackhawk Network servers are located in the Northern District of California.

COUNT ONE: (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

32. Paragraphs 1 through 31 of this Indictment are re-alleged and incorporated as if fully set forth here.

33. Beginning at a date unknown to the grand jury, but no later than November 2022, and continuing through a date unknown to the grand jury, but to at least October 3, 2023, in the Northern District of California, the defendants,

ABDULKADIR MOHAMED ALI, MAZEN HASSAN MOHAMED, AHMED MOHAMED ALI, ABDIRAHMAN ABDALLA MAHAMED, HUSSEIN MOHAMED ALI, ABUBAKAR MOHAMED ALI, OMAR MOHAMED ALI, YUSUF MOHAMED ALI,

INDICTMENT 6

did knowingly and with the intent to defraud participated in, devised, and intended to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts with a duty disclose, and, for the purpose of executing such scheme and artifice to defraud, to transmit and cause the transmission of wire communications in interstate commerce in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH NINE: (18 U.S.C. § 1343 and 2 – Wire Fraud and Aiding and Abetting)

34. Paragraphs 1 through 33 of this Indictment are re-alleged and incorporated as if fully set forth here.

On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, the defendant,

ABDULKADIR MOHAMED ALI, MAZEN HASSAN MOHAMED, AHMED MOHAMED ALI, ABDIRAHMAN ABDALLA MAHAMED, HUSSEIN MOHAMED ALI, ABUBAKAR MOHAMED ALI, OMAR MOHAMED ALI, YUSUF MOHAMED ALI,

did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, specifically:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| 2 | 10/03/2023 | Gift card activation of $480.00 from KROGER Store #687 to Blackhawk Network |
| 3 | 10/03/2023 | Gift card activation of $480.00 from KROGER Store #687 to Blackhawk Network |
| 4 | 10/03/2023 | Gift card activation of $480.00 from KROGER Store #687 to Blackhawk Network |
| 5 | 10/03/2023 | Gift card activation of $480.00 from KROGER Store #687 to Blackhawk Network |
| 6 | 10/03/2023 | Gift card activation of $480.00 from KROGER Store #687 to Blackhawk Network |

INDICTMENT 7

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| 7 | 10/03/2023 | Gift card activation of $480.00 from KROGER Store #687 to Blackhawk Network |
| 8 | 10/03/2023 | Gift card activation of $480.00 from KROGER Store #687 to Blackhawk Network |
| 9 | 10/03/2023 | Gift card activation of $480.00 from KROGER Store #687 to Blackhawk Network |

All in violation of Title 18, United States Code, Sections 1343 and 2.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2), and 28 U.S.C. § 2461(c); – Criminal and Civil Forfeiture)

42. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1(C) and Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(2).

Upon conviction for the offense set forth in Counts One, Two, and Three the defendant,

ABDULKADIR MOHAMED ALI, MAZEN HASSAN MOHAMED, AHMED MOHAMED ALI, ABDIRAHMAN ABDALLA MAHAMED, HUSSEIN MOHAMED ALI, ABUBAKAR MOHAMED ALI, OMAR MOHAMED ALI, YUSUF MOHAMED ALI,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting or derived from proceeds the defendants obtained directly and indirectly, as the result of those violations, including but not limited to a money judgment in the amount of $1,097,513.30.

If any of the property described above, as a result of any act or omission of the defendant:

    a. Cannot be located upon exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2461(c)

INDICTMENT         8

and Title 28, United States Code, Section 2461(c).

All pursuant to Tile 18, United States Code, Section 981(a)(1)C), Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2); and Federal Rule of Criminal Procedure 32.2.

DATED: August 7, 2025

A TRUE BILL.

FOREPERSON

CRAIG H. MISSAKIAN
United States Attorney

KENNETH CHAMBERS
EVAN M. MATEER
Assistant United States Attorneys

INDICTMENT 9